K & K JUMP START/CHARGERS,
INC., and BONNET ENTERPRIS-
ES, LLC, Plaintiffs–Appellants,

v.

SCHUMACHER ELECTRIC CORP.,
Defendant–Cross Appellant.

Nos. 00–1479, 00–1480.

United States Court of Appeals,
Federal Circuit.

June 19, 2001.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

CLEVENGER, Circuit Judge.

This is a patent infringement suit in which K & K Jump Start/Chargers, Inc., and Bonnet Enterprises, LLC (together, "K & K") charges Schumacher Electric Corp. ("Schumacher") with willful infringement of claim 1 of U.S. Patent No. 5,103,-407 ("the '407 patent"). On a motion for

judgment as a matter of law ("JMOL") filed by Schumacher, the United States District Court for the Western District of Missouri ruled that K & K's patent infringement claim fails because the '407 patent is invalid. Whether the '407 patent is invalid depends in this case upon whether that patent is entitled to the filing date of an earlier filed Canadian Application No. 2,041,844 ("the Canadian application"). The later filed patent, here the '407, is entitled to the filing date of the earlier filed patent, here the Canadian application, if the earlier filed patent meets the written description test of 35 U.S.C. § 112, first paragraph.

K & K appeals the district court's JMOL that the subject matter of claim 1 of the '407 patent is not described in the counterpart Canadian application sufficiently to comply with the written description requirement of 35 U.S.C. § 112, first paragraph.

Schumacher conditionally cross-appeals the issue of whether Mr. Sprouse, the inventor of U.S. Patent No. 5,166,478 ("the Sprouse patent") was the first to reduce the invention of the '407 patent to practice, or alternatively whether Mr. Sprouse was the first to conceive of the invention and was diligent during the relevant time period. Additionally, Schumacher cross-appeals the district court's directed verdict of infringement, K & K's alleged failure to mark, the jury verdict of willful infringement, the jury's lost profits award, and the jury's reasonable royalty award.

We conclude that the district court's ruling that claim 1 of the '407 patent is not entitled to the filing date of the Canadian application improperly applied the test set forth in *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 47 USPQ2d 1829 (Fed.Cir.1998). Under a proper analysis, the earlier Canadian application reasonably conveys to one of skill in the art that the inventor possessed the later claimed subject matter of claim 1 of the '407 patent. We therefore *reverse* the district court's grant of judgment as a matter of law on this issue.

The issues raised in the conditional cross-appeals are subject to a pending motion for judgment as a matter of law upon which the district court has not yet ruled, and are therefore still pending in that court. We *remand* this case to the district court so that these issues can be addressed in the first instance.

I

The '407 patent relates to a reusable safety cap for booster cable clamps. A clamp attaches to a tab on the inside of the cap, to hold the cap in place. Claim 1, the only claim at issue in this litigation, reads in its entirety as follows:

1. A reusable safety cap for exposed unprotected booster cable clamps having spring actuated clamping jaws, comprising: a cap shell with an internal gripping tab such that when the clamp is inserted into the cap shell the internal gripping tab is gripped by the spring actuated clamping jaws to maintain the clamp within the cap shell.

'407 patent, col. 2, lines 29–36.

The '407 patent was filed for in the United States on November 5, 1991. The '407 patent claims foreign priority pursuant to 35 U.S.C. § 119 from a related Canadian application which was filed on May 6, 1991. It is undisputed that the Sprouse patent discloses the subject matter of claim 1 of the '407 patent, and thus renders claim 1 anticipated if the Sprouse patent qualifies as prior art pursuant to 35 U.S.C. § 102(e). The Sprouse patent was filed for in the United States on June 10, 1991, a date that is after the filing date of the Canadian application, but before the U.S. filing date of the '407 patent. Therefore, the Sprouse patent is only anticipatory prior art pursuant to 35 U.S.C. § 102(e)

if claim 1 of the '407 patent is not entitled to claim the priority date of the Canadian application.

Compliance with the written description requirement of 35 U.S.C. § 112, first paragraph, is a question of fact. *Wang Lab., Inc. v. Toshiba Corp.,* 993 F.2d 858, 865, 26 USPQ2d 1767, 1774 (Fed.Cir.1993). Although this case was tried before a jury, the issue of compliance with the written description requirement was not submitted to the jury. It was only after other jury verdicts had been rendered that the district court granted JMOL on this issue, thereby taking this issue away from consideration by the jury. JMOL is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R.Civ.P. 50(a)(1). We review a grant of JMOL without deference to the district court. *Mycogen Plant Sci., Inc. v. Monsanto Co.,* 243 F.3d 1316, 1324–25, 58 USPQ2d 1030, 1036 (Fed.Cir.2001).

## II

■ In order for claim 1 of the '407 patent to be entitled to the priority date of the Canadian application, the test set forth in *Tronzo* must be satisfied:

Section 112, paragraph 1 requires that the specification contain a written description of the invention, and of the manner and process of making and using it . . . . To meet this requirement, the disclosure of the earlier application, the parent, must reasonably convey to one of skill in the art that the inventor possessed the later-claimed subject matter at the time the parent application was filed. A disclosure in a parent application that merely renders the later-claimed invention obvious is not sufficient to meet the written description requirement; the disclosure must describe the claimed invention with all its limitations.

*Tronzo,* 156 F.3d at 1158, 47 USPQ2d at 1832 (internal quotations and citations omitted).

■ A proper analysis under *Tronzo* compares the later claimed subject matter with the earlier filed application. A review of the district court's opinion, however, makes it clear that the district court compared the disclosure of the earlier filed Canadian application with the defendant's accused products, stating "there is a fatal variance between the Canadian claim and the allegedly infringing items." *K & K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.,* No 98–0905–CV at 1 (W.D. Mo. June 7, 2000) (hereinafter *K & K JMOL order*). This analysis was improper.

An examination of the '407 patent and the Canadian application reveals that the two are similar in most respects. Both disclose a safety cap with an internal portion suitable for being gripped by a booster cable clamp. Figures 1 and 3 of both the '407 patent and the Canadian application are virtually identical, except that the '407 patent refers to the internal gripping portion of the cap as an "internal gripping tab," whereas the Canadian application refers to this portion of the cap as a "holding lock partition." Indeed, the only obvious difference between the two documents is that the '407 patent discloses an additional feature of the safety cap, a tying strip, which secures the booster cable to the cap. However, the tying strip feature is claimed only in claim 2 of the '407 patent, not in the relevant claim 1.

Schumacher argues that the '407 patent term "internal gripping tab" is more generic and broader than the Canadian application term "holding lock partition." We see no reason why this is necessarily so. It is clear from the written descriptions of the Canadian application and the '407 patent that both of these terms refer to the

same portion of the safety cap. Schumacher does not cite any dictionary definitions or other evidence, either intrinsic or extrinsic, to demonstrate that these terms must be construed differently from each other.

If, as the district court's opinion suggests, the alleged disconnect between the '407 patent and the Canadian application stemmed from an improperly broad construction of the term "tab" in claim 1 of the '407 patent, *see K & K JMOL order* at 2, this problem should not be resolved through the written description requirement. Instead, the district court must insure that the claim construction for the '407 patent was correct.

In summary, there was no legally sufficient evidentiary basis for the district court to determine that claim 1 of the '407 patent was not entitled to the filing date of the Canadian application for failure to comply with the written description requirement. The JMOL of noninfringement due to anticipation of the '407 patent by the Sprouse patent is therefore reversed. Claim 1 of the '407 patent is entitled to the filing date of the Canadian application, and the Sprouse patent is not prior art pursuant to 35 U.S.C. § 102(e).

### III

Schumacher has raised a number of issues on cross-appeal. Although these issues were raised before the district court by Schumacher in its motion for JMOL after the jury verdict, the district court has not yet ruled on these issues. It is true that the district court's JMOL ruling regarding the written description requirement also indicates an inclination to believe that the Sprouse patent was pursued with reasonable diligence. *K & K JMOL order* at 3. If the district court was to grant JMOL on this issue, it would render claim 1 of the '407 patent invalid, because Sprouse would be the prior inventor of the

subject matter of the '407 patent pursuant to 35 U.S.C. § 102(g).

However, a mere suggestion of the leanings of the district court is not enough to constitute a ruling from the district court, especially when a jury verdict to the contrary already exists. A remand is necessary to allow the district court to carefully consider whether sufficient evidence exists to support the jury's verdict. If the district court determines that JMOL overturning the jury's findings on diligence is warranted, Schumacher may then appeal that judgment. A similar analysis applies to the other issues Schumacher has raised on cross-appeal.

### COSTS

No costs.